**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X Case No.
MONICA RUIZ-OSORNO, on behalf of herself
individually and all others similarly situated,

                    Plaintiff,

                                                  **CLASS ACTION**

        -against-                                **COMPLAINT**

NORTHSTAR LOCATION SERVICES, LLC.,

                    Defendant.
------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

### INTRODUCTION

        1.    That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.    That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

JURISDICTION AND VENUE

3.     That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.     That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.     That plaintiff is a natural person who resides in this District.

6.     That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7.     That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred for personal, family or household purposes as it was a Barclays Bank Delaware/Apple account maintained for personal use.

8.     That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.     That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.    That defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

2

11.     That the principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12.     That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13.     That upon information and belief, defendant is a domestic limited liability company.

## FACTUAL ALLEGATIONS

14.     That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15.     That at some point in time, plaintiff allegedly incurred a personal debt to Barclays Bank Delaware.

16.     That at some subsequent point in time Barclays Bank alleged that the debt fell into default.

17.     That, subsequent to the alleged default, by letter dated October 1, 2013 defendant wrote to plaintiff in an attempt to collect the debt.

18.     That in said letter defendant stated that Barclays Bank had referred plaintiff's account to defendant for collection.

19.     That in said letter defendant stated that the balance of the debt was $239.98.

20.     That thereafter defendant sent another letter to plaintiff dated November 18, 2013 for collection of the same debt.

21.     That in said letter defendant stated that the balance of the debt was $239.98.

3

22.     That in said letter dated November 18, 2013 defendant also stated:

"The current balance listed above is effective as of the date of this letter and is subject to change."

23.     That, subsequent thereto, defendant sent another letter to plaintiff dated December 2, 2013 for collection of the same debt.

24.     That in the letter dated December 2, 2013 defendant stated that the balance of the debt was $239.98.

25.     That thereafter, in January 2014, plaintiff received another collection letter for the same debt from a different debt collector for Barclays Bank.

26.     That in the letter, the debt collector stated that the balance of the debt was $239.98.

### AS AND FOR A FIRST CAUSE OF ACTION

15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10)

27.     That plaintiff re-alleges paragraphs 1-26 as if fully re-stated herein.

28.     That defendant's statement in its letter dated November 18, 2013, that:

"The current balance listed above is effective as of the date of this letter and is subject to change."

is false, deceptive and misleading.

29.     That defendant stated in its collection letter dated November 18, 2013 that the debt balance was subject to change and was only effective as of November 18, 2013.

30.     That this statement implied to plaintiff and the least sophisticated consumer that the balance would increase with the passage of time.

4

31.     That in fact the debt balance was not subject to any change.

32.     That as evidence that the debt balance was not subject to change is the fact that defendant's prior collection letter dated October 1, 2013 quoted the exact same balance of $239.98 as did the November 18, 2013 letter.

33.     That, more significantly, defendant's subsequent December 2, 2013 letter also quoted the exact same balance of $239.98.

34.     That, in addition, the January 2014 collection letter from the subsequent debt collector for Barclays Bank also quoted the exact same balance of $239.98.

35.     That defendant knew that the debt balance would not change.

36.     That defendant included the statement about the balance being subject to change in order to scare plaintiff into paying the debt before the balance increased.

37.     That, however, defendant well knew that an increase in the balance would not occur.

38.     That defendant's statement would similarly cause the least sophisticated consumer to believe, erroneously, that the balance would increase if she did not pay the debt promptly.

39.     That defendant's  inclusion of the statement concerning the debt balance being subject to change  is a false representation of the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

40.     That defendant's inclusion of the statement concerning the debt balance being subject to change is also a threat to take an action not intended to be taken, in violation of the 15 U.S.C. § 1692e(5).

41.     That defendant's inclusion of the statement concerning the debt balance being subject to change constitutes a false, deceptive and misleading representation or means used to collect or attempt to collect a debt, in violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and1692e(10).

AS AND FOR A SECOND CAUSE OF ACTION

NYGBL § 349

42.     That plaintiff re-alleges paragraphs 1 to 41 as if fully re-stated herein.

43.     That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

44.     That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

45.     That the collection letter defendant sent to plaintiff is a mass-mailed form letter used by defendant.

46.     That each year defendant sends its form collection letters with the offending language about the debt balance being subject to change to thousands of consumers within New York State, similar to the one it sent to plaintiff.

6

47.     That defendant sends its form collection letters concerning debts whose balances it knows will not change or increase.

48.     That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

49.     That plaintiff suffered feelings of confusion, fear, emotional distress, sleeplessness and annoyance upon her receipt of defendant's collection letter informing her that the debt balance is subject to change.

50.     That plaintiff felt that defendant was hustling her into paying the debt.

51.     That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

CLASS ALLEGATIONS

52.     That plaintiff re-alleges paragraphs 1-51 as if fully re-stated herein.

53.     That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated November 18, 2013; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10). The

class does not include defendant or persons who are officers, directors or employees of defendant.

54.     That the class shall be defined as follows:

*All natural persons residing within the State of New York to whom defendant sent a letter in an attempt to collect a consumer debt, which letter states that the debt balance is effective as of the date of the letter and is subject to change but where in fact the debt balance was not subject to change.*

55.     That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by including a false statement about the debt balance being subject to change in its collection letters, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

(C)     The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)     The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

56.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

57.     That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

58.     That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

59.    That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)    certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)    awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c)    statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(d)    actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e)    reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f)    enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g)    statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)    actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

10

(i)     reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        March 13, 2014.

/s/  *Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com